TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
LINDSEY GREER DOTSON (Cal. Bar No. 266973)
Assistant United States Attorney
Public Corruption and Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4443
     Facsimile: (213) 894-0141
     E-mail:    lindsey.dotson@usdoj.gov
MICHAEL J. SONGER
Trial Attorney
Department of Justice Civil Rights Division

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-00188-SVW-2 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT HARUTYUN HARRY CHALIKYAN |
| v. | |
| HARUTYUN HARRY CHALIKYAN, | |
| Defendant. | |

1.   This constitutes the plea agreement between DEFENDANT HARUTYUN HARRY CHALIKYAN ("defendant") and the United States Attorney's Office for the Central District of California and the Department of Justice Civil Rights Division (collectively, the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

///

///

## DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

    a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts one and four of the indictment in <u>United States v. Harutyun Harry Chalikyan</u>, CR No. 21-00188-SVW-2, which charge defendant with Conspiracy, in violation of 18 U.S.C. § 371, and a Hate Crime, in violation of 18 U.S.C. § 249(a)(2).

    b. Not contest facts agreed to in this agreement.

    c. Abide by all agreements regarding sentencing contained in this agreement.

    d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

    e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

    f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

    g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

    a. Not contest facts agreed to in this agreement.

    b. Abide by all agreements regarding sentencing contained in this agreement.

      c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

      d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

      e.   At the time of sentencing, recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range.

## NATURE OF THE OFFENSES

4. Defendant understands that for defendant to be guilty of the crime charged in count one, that is, Conspiracy, in violation of 18 U.S.C. § 371, the following must be true:

      a.   There was an agreement between two or more persons to commit at least one crime charged in the indictment, that is, a Hate Crime, in violation of 18 U.S.C. § 249(a)(2);

      b.   Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

      c.   One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

5. Defendant understands that for defendant to be guilty of the crime charged in count four, that is, a Hate Crime, in violation of 18 U.S.C. § 249(a)(2), the following must be true:

    a. Defendant willfully caused bodily injury, <u>or</u> defendant attempted to cause bodily injury using fire, a firearm, an explosive or incendiary device, or other dangerous weapon;

    b. Defendant acted because of the actual or perceived race, color, religion, or national origin; and

    c. The offense interfered with the commercial or other economic activity in which the victim is engaged at the time of the conduct, <u>or</u> otherwise affected interstate or foreign commerce.

<u>PENALTIES AND RESTITUTION</u>

6. Defendant understands that the statutory maximum sentence that the Court can impose for Conspiracy, in violation of 18 U.S.C. § 371: five years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7. Defendant understands that the statutory maximum sentence that the Court can impose for a Hate Crime, in violation of 18 U.S.C. § 249(a)(2): 10 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8. Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 15 years' imprisonment; a three-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from

4

the offenses, whichever is greatest; and a mandatory special assessment of $200.

9. Defendant understands that defendant will be required to pay full restitution to the victims of the offenses to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.

10. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm,

1  the right to hold office, and the right to serve on a jury.
2  Defendant understands that he is pleading guilty to a felony and that
3  it is a federal crime for a convicted felon to possess a firearm or
4  ammunition.  Defendant understands that the convictions in this case
5  may also subject defendant to various other collateral consequences,
6  including but not limited to revocation of probation, parole, or
7  supervised release in another case and suspension or revocation of a
8  professional license.  Defendant understands that unanticipated
9  collateral consequences will not serve as grounds to withdraw
10 defendant's guilty pleas.

11      12.  Defendant understands that, if defendant is not a United
12 States citizen, the felony convictions in this case may subject
13 defendant to: removal, also known as deportation, which may, under
14 some circumstances, be mandatory; denial of citizenship; and denial
15 of admission to the United States in the future.  The Court cannot,
16 and defendant's attorney also may not be able to, advise defendant
17 fully regarding the immigration consequences of the felony
18 convictions in this case.  Defendant understands that unexpected
19 immigration consequences will not serve as grounds to withdraw
20 defendant's guilty pleas.

                              FACTUAL BASIS

22      13.  Defendant admits that defendant is, in fact, guilty of the
23 offenses to which defendant is agreeing to plead guilty.  Defendant
24 and the USAO agree to the statement of facts provided below and agree
25 that this statement of facts is sufficient to support pleas of guilty
26 to the charges described in this agreement and to establish the
27 Sentencing Guidelines factors set forth in paragraph 14 below but is
28 not meant to be a complete recitation of all facts relevant to the

underlying criminal conduct or all facts known to either party that relate to that conduct.

Background

Turkey and Armenia are two neighboring countries in the Caucasus region of Asia that have historically experienced significant conflict, part of which has stemmed from Turkey's support of Azerbaijan in its border conflict with Armenia. When a new war broke out between Armenian and Azeri military forces in or around September 2020, tensions in Turkish and Armenian communities escalated worldwide, including in the United States. Numerous protests and counter-protests, pitting individuals of Armenian and Turkish descent against one another, took place in Los Angeles County.

Defendant identifies as a member of the Armenian-American community and supported Armenia in its conflict with Turkey in the fall of 2020.

The individuals listed as Victims A, B, C, and D in the indictment were of Turkish descent. Victim A operated Business A, which was a family-owned restaurant in Los Angeles County, within the Central District of California. Business A served authentic Turkish food and was regularly patronized by individuals from the Turkish community. Victim B was related to Victim A and regularly worked at the restaurant. Victims C, D, and E were employees of Business A.

Business A procured many of its products, flatware, and ingredients from out-of-state and overseas and regularly served customers who traveled from out-of-state and overseas. For these and other reasons, Business A operated in interstate and foreign commerce. The attack on Victims A, B, C, D, and E (collectively, the "Victims") interfered with the commercial and economic activity in

which the Victims were engaged at the time of the attack. The attack also affected interstate and foreign commerce.

### The Glendale Rally

On or about November 4, 2020, multiple members of the Armenian-American community, including defendant and co-defendant WILLIAM STEPANYAN ("co-defendant STEPANYAN"), gathered in or around Glendale, California, to protest what they considered to be Turkish aggression against Armenians, express their contempt for Turkey, and show their support for Armenia (the "Glendale rally"), among other things.

### The Attack

Following the Glendale rally, on or about November 4, 2020, a group of approximately nine individuals, including defendant and co-defendant STEPANYAN, drove to Business A, which was open to the public. The group chose Business A as a site to express anti-Turkish and pro-Armenian sentiment because they considered the restaurant symbolic of Turkey and believed that Turkish people would be present. During the drive to Business A, co-defendant STEPANYAN expressed his hatred of "Turks."

Upon arriving at Business A, defendant and co-defendant STEPANYAN had agreed to attack Business A and the Victims inside because of the Victims' perceived and/or actual national origin (Turkish). Defendant and co-defendant STEPANYAN each picked up a dining chair from the outdoor seating area and threw the chair to the ground. When they entered the restaurant, defendant and/or co-defendant STEPANYAN shouted at the Victims: "Are you Turkish?" Co-defendant STEPANYAN then kicked over a plexiglass barrier and tables and rushed toward Victims A, B, and D, who were near the back of the restaurant. Defendant and co-defendant STEPANYAN shouted, among

other things: "Turks!"; "Ah! Armenia!"; "Azerbaijan!"; "You Azerbaijan Turk!"; and "Artsakh is Armenia!" Defendant and/or co-defendant STEPANYAN shouted: "We came to kill you! We will kill you!" Co-defendant STEPANYAN attempted to attack Victim B, as Victim B tried to defend himself/herself and other Victims. Defendant and co-defendant STEPANYAN each threw at least one chair toward the Victims.

Results of the Attack

As a result of the attack, multiple Victims suffered physical injuries and felt physical pain. For instance, Victim B was injured when a hard object struck him/her in the back. Victims B and D sustained physical injuries as they fled the restaurant. Victim C hit a wall as he/she ducked from a chair thrown at him/her, sustained physical injuries, and afterward lost control of his/her legs and collapsed multiple times due to the injury.

In addition, defendant and co-defendant STEPANYAN damaged Business A. During the attack, defendant and co-defendant STEPANYAN smashed Business A's glassware. Co-defendant STEPANYAN ripped out Business A's computer terminals and stole Victim A's iPhone, which Victim A had left behind as he/she fled. In sum, the damage to Business A totaled at least $20,000. Business A also had to close temporarily, resulting in thousands of dollars of lost revenue for each day the restaurant was closed.

SENTENCING FACTORS

14. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set

forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

15.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 14 | [U.S.S.G. § 2A2.2] |
| Hate Crime Motivation: | +3 | [U.S.S.G. § 3A1.1(a)] |
| Victim Suffered Bodily Injury | +3 | [U.S.S.G. § 2A2.2(b)(3)(A)] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

16.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

18.  Defendant understands that by pleading guilty, defendant gives up the following rights:

   a.  The right to persist in a plea of not guilty.
   b.  The right to a speedy and public trial by jury.

1    c.   The right to be represented by counsel -- and if
2 necessary have the Court appoint counsel -- at trial.  Defendant
3 understands, however, that, defendant retains the right to be
4 represented by counsel -- and if necessary have the Court appoint
5 counsel -- at every other stage of the proceeding.
6    d.   The right to be presumed innocent and to have the
7 burden of proof placed on the government to prove defendant guilty
8 beyond a reasonable doubt.
9    e.   The right to confront and cross-examine witnesses
10 against defendant.
11    f.   The right to testify and to present evidence in
12 opposition to the charges, including the right to compel the
13 attendance of witnesses to testify.
14    g.   The right not to be compelled to testify, and, if
15 defendant chose not to testify or present evidence, to have that
16 choice not be used against defendant.
17    h.   Any and all rights to pursue any affirmative defenses,
18 Fourth Amendment or Fifth Amendment claims, and other pretrial
19 motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

21   19.  Defendant understands that, with the exception of an appeal
22 based on a claim that defendant's guilty pleas were involuntary, by
23 pleading guilty defendant is waiving and giving up any right to
24 appeal defendant's convictions on the offenses to which defendant is
25 pleading guilty.  Defendant understands that this waiver includes,
26 but is not limited to, arguments that the statutes to which defendant
27 is pleading guilty are unconstitutional, and any and all claims that
28

11

the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

20. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 46 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

21. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 37 months, the USAO gives up its right to appeal any portion of the sentence.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

22. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was

12

involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

23. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

24. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not

be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

25. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

///
///
///

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

26. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 15 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw any of defendant's guilty pleas, and defendant will remain

bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

29. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///
///
///

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

30.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney

*/s/ Lindsey Greer Dotson*   9/27/2021
LINDSEY GREER DOTSON              Date
Assistant United States Attorney

MICHAEL J. SONGER
Trial Attorney, Department of
Justice Civil Rights Division

*/s/ Harry*                        9/27/2021
HARUTYUN HARRY CHALIKYAN          Date
Defendant

*/s/ Jilbert Tahmazian*           9/27/2021
JILBERT TAHMAZIAN                 Date
Attorney for Defendant HARUTYUN
HARRY CHALIKYAN

17

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____    9-27-2021
HARUTYUN HARRY CHALIKYAN          Date
Defendant

18

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am defendant HARUTYUN HARRY CHALIKYAN's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____     9/27/2021
JILBERT TAHMAZIAN                    Date
Attorney for Defendant HARUTYUN
HARRY CHALIKYAN